# Supreme Court of Florida

---

No. SC21-1173

---

## IN RE: AMENDMENTS TO FLORIDA FAMILY LAW RULE OF PROCEDURE 12.100.

March 24, 2022

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to Florida Family Law Rule of Procedure 12.100 (Pleadings and Motions). *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Family Law Rules Committee (Committee) filed a report proposing amendments to rule 12.100. The Committee and the Board of Governors of The Florida Bar unanimously approved the proposed amendments. The Committee published its proposal for comment prior to filing it with the Court and received one comment in support of the proposed amendments. After the Committee filed its report, the Court published the

proposal for comment. One comment was received in support of the proposed amendments, and the Committee filed a response.

Having considered the proposed amendments, the comment, and the Committee's response, the Court hereby amends Florida Family Law Rule of Procedure 12.100 (Pleadings and Motions) as proposed by the Committee. The more significant amendments are discussed below.

First, throughout subdivision (c) (Caption), references to the parties are streamlined for clarity and consistency with approved family law forms.

Next, existing subdivision (c)(2) is relocated to subdivision (c)(1), and existing subdivision (c)(1) is renumbered as subdivision (c)(2). Within newly renumbered subdivision (c)(1), language is added to clarify that the caption of a case must remain unchanged, but a provision is added that would allow the court to change a caption for good cause shown.

Additionally, newly renumbered subdivision (c)(2)(I), which provides that the caption in all supplemental proceedings for modification or actions to enforce must remain the same, is deleted.

Last, in subdivision (d) (Notice of Related Cases), a reference to the Rules of Judicial Administration is amended to reflect the updated name, the Rules of General Practice and Judicial Administration. *See In re Amends. to Fla. Rules of Jud. Admin.— 2020 Regular-Cycle Report*, 310 So. 3d 374 (Fla. 2021).

Accordingly, Florida Family Law Rule of Procedure 12.100 is amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective April 1, 2022, at 12:01 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Family Law Rules of Procedure

Ashley Elizabeth Taylor, Chair, Family Law Rules Committee, Tampa, Florida, Joshua E. Doyle, Executive Director, and Mikalla Andies Davis, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Heather L. Apicella, Chair, Family Law Section of The Florida Bar, Boca Raton, Florida, Kristin R.H. Kirkner, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Tampa,

Florida, and Jack A. Moring, Co-Chair, Rules and Forms Committee, Family Law Section of The Florida Bar, Crystal River, Florida,

Responding with comments

**APPENDIX**

**RULE 12.100. PLEADINGS AND MOTIONS**

    **(a)**    **[No Change]**

    **(b)**    **[No Change]**

    **(c)**    **Caption.**

        (1)    <u>Trial level nomenclature used in the caption should be simple, clear and constant, regardless of who files a petition, counter-petition, motion, or a supplemental action. Even upon filing a supplemental petition or counter-petition, the trial level nomenclature must remain unchanged. Information as to who files a pleading or motion should be part of the document rather than in the caption of the case. Notwithstanding the foregoing, a court, for good cause shown, may change a caption.</u>

        <u>(2)</u>    Every pleading, motion, order, judgment, or other document must have a caption containing the name of the court, the file number, and except for in rem proceedings, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. In any in rem proceeding, every pleading, motion, order, judgment, or other document must have a caption containing the name of the court, the file number, the style "In re" (followed by the name or general description of the property), and a designation of the person or entity filing it and its nature or the nature of the order. All documents filed in the action must be styled in such a manner as to indicate clearly the subject matter of the document and the party requesting or obtaining relief. Specific captions for family law cases are as follows:

            (A)    Matters Arising From Dissolution of Marriage.

                (i)    Original Dissolution of Marriage: In re the Marriage of .........., ~~Husband~~<u>Petitioner</u> and .........., ~~Wife~~<u>Respondent</u>, regardless of who files first and whether there is a counter-petition.

(ii)    Modification of Final Judgment of Dissolution of Marriage: In the Former Marriage of .........., ~~Former Husband~~Petitioner, and .........., ~~Former Wife~~Respondent, regardless of who files ~~first and~~the supplemental petition and whether there is a supplemental counter-petition.

(B)    Annulment.

(i)    Original Annulment: In re the Marriage of .........., ~~Husband~~Petitioner and .........., ~~Wife~~Respondent, regardless of who files first and whether a counter-petition for annulment or any other pleading in the alternative for dissolution of marriage is filed.

(ii)    [No Change]

(C)    Support Unconnected With Dissolution of Marriage: In re the Marriage of .........., ~~Husband~~Petitioner and .........., ~~Wife~~Respondent, regardless of ~~who files first and~~ whether there is a counter-petition.

(D)    Paternity.

(i)    Original Paternity Proceeding when Paternity is not Admitted Before Filing: .........., ~~Putative Father~~Petitioner, and .........., ~~Mother~~Respondent, regardless of ~~who files first and~~ whether there is a counter-petition.

(ii)    Original Paternity Proceedings when Paternity has been Admitted Before Filing: .........., ~~Father~~Petitioner, and .........., ~~Mother~~Respondent, regardless of ~~who files first and~~ whether there is a counter-petition.

(iii)    Paternity Modification: .........., ~~Father~~Petitioner, and .........., ~~Mother~~Respondent, regardless of who files the supplemental petition and whether there is a supplemental counter-petition.

(iv)    Disestablishment of Paternity Proceeding: .........., ~~Father~~Petitioner, and .........., ~~Mother~~Respondent.

(E) – (H)    [No Change]

~~(I)    In all supplemental proceedings for modification or actions to enforce, the caption must remain the same as indicated in this rule.~~

~~(2)    Trial level nomenclature used in the caption should be simple, clear, constant, and, to the extent possible, unchanging, regardless of who files a petition, counter-petition, or a supplemental action. The trial level nomenclature expressed herein is intended to meaningfully identify the parties by role, such as Wife, Husband, Former Wife, Former Husband, Putative Father, Father, and Mother. Information as to who files a pleading or motion should be part of the document rather than in the caption of the case.~~

(3) - (4)    [No Change]

**(d)    Notice of Related Cases.** A notice of related cases, form 12.900(h), must be filed in conformity with Florida Rule of <u>General Practice and </u>Judicial Administration 2.545(d).

**Commentary**

**[No Change]**

**<u>Court Commentary</u>**

**<u>2022 Amendments.</u>** <u>This rule is amended to clarify that trial level nomenclature should be simple, clear, and constant even upon the filing of a post-judgment motion or supplemental action, unless there has been a judicial determination of good cause shown.</u>